1
2
3
4
5
6
7

NOTE: CHANGES MADE BY THE COURT

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  SRK TECHNOLOGY LLC,                    Case No. 2:19-cv-02515-PSG-JPR

12              Plaintiff,                 **STIPULATED PROTECTIVE
                                           ORDER**
13        v.
                                           *DISCOVERY MATTER*
14  SNAP, INC.,
                                           Action Filed: April 3, 2019
15              Defendant.                 Trial Date: April 27, 2021
16

17
18
19
20
21
22
23
24
25
26
27
28

## PURPOSES AND LIMITATIONS

Plaintiff SRK Technology LLC and Defendant Snap, Inc. ("the Parties")[1] believe discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, source code, and other valuable research, development, commercial, financial, technical and/or proprietary information for which the parties believe special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, source code and technical documentation, or other confidential research, development, or commercial  information (including information implicating privacy rights of third parties), information otherwise

---

[1] "Party" means any party to this case, including all of its officers, directors, employees, and outside counsel and their support staffs. "Parties" shall also include any other parties that are added to this Action and served with process in accordance with the Federal Rules of Civil Procedure.

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

1   generally unavailable to the public, or which may be privileged or otherwise protected

2   from disclosure under state or federal statutes, court rules, case decisions, or common

3   law. Accordingly, to expedite the flow of information, to facilitate the prompt

4   resolution of disputes over confidentiality of discovery materials, to adequately

5   protect information the parties are entitled to keep confidential, to ensure that the

6   parties are permitted reasonable necessary uses of such material in preparation for and

7   in the conduct of trial, to address their handling at the end of the litigation, and serve

8   the ends of justice, a protective order for such information is justified in this matter. It

9   is the intent of the parties that information will not be designated as confidential for

10  tactical reasons and that nothing be so designated without a good faith belief that it

11  has been maintained in a confidential, non-public manner, and there is good cause

12  why it should not be part of the public record of this case.

13          THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

14          1.      Each Party may designate as confidential for protection under this

15  Order, in whole or in part, any document, information or material that constitutes

16  or includes, in whole or in part, confidential or proprietary information or trade

17  secrets of the Party or a Third Party to whom the Party reasonably believes it

18  owes an obligation of confidentiality with respect to such document, information

19  or material ("Protected Material"). Protected Material shall be designated by the

20  Party producing it by affixing a legend or stamp on such document, information or

21  material as follows: "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES

22  ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words

23  "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or

24  "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on

25  each page of the Protected Material (except deposition and hearing transcripts) for

26  which such protection is sought.

27          2.      For digital files being produced, the producing Party may mark each

28  viewable page or image with the appropriate designation, and mark the medium,

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "RESTRICTED – ATTORNEYS' EYES ONLY" during the inspection and redesignated, as appropriate during the copying process. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the producing Party so that the producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the producing Party, which consent shall not be unreasonably withheld.

3.    For deposition and hearing transcripts, the words CONFIDENTIAL," "RESTRICTED–ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as

**STIPULATED PROTECTIVE ORDER,**
**CASE NO. 2:19-CV-025150-PSG-JPR**

"CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." In the event a deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or  the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." It shall be the responsibility of the Party that designates the deposition as confidential to inform the videographer of the requirements in this Paragraph.

4.     Any document produced in connection with infringement contentions or invalidity contentions before issuance of this Order in connection with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

5.     With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies,

---

[2] The term "DESIGNATED MATERIAL" is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

6.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

7.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)    Outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel ("in-house counsel" includes attorneys or members of the legal staff or the intellectual property department of a Party or of a Parties' parents, subsidiaries, or commonly controlled companies) for the Parties who either have responsibility for making decisions dealing

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

1    directly with the litigation of this Action, or who are assisting outside

2    counsel in the litigation of this Action;

3    (d)    up to and including two (2) designated representatives of each of the

4    Parties to the extent reasonably necessary for the litigation of this

5    Action, except that either party may in good faith request the other

6    party's consent to designate one or more additional representatives,

7    the other party shall not unreasonably withhold such consent, and the

8    requesting party may seek leave of Court to designate such additional

9    representative(s) if the requesting party believes the other party has

10    unreasonably withheld such consent; up to and including two (2)

11    designated representatives of each of the Parties, as well as their

12    immediate staff, to the extent reasonably necessary for the litigation

13    of this Action, provided that: before access is given, the representative

14    has completed the Undertaking attached as Appendix A hereto and

15    the same is served upon the producing Party at least seven (7) days

16    before access to the Protected Material is to be given to that

17    representative to object to and notify the receiving Party in writing

18    that it objects to disclosure of Protected Material to the representative.

19    The Parties agree to promptly confer and use good faith to resolve any

20    such objection within seven (7) days following the objection. If the

21    Parties are unable to resolve any objection, the objecting Party may

22    file a motion with the Court under Local Rule 37 within ten (10) days

23    of the notice, or within such other time as the Parties may agree,

24    seeking a protective order with respect to the proposed disclosure. If

25    relief is not sought from the Court within that time, the objection shall

26    be deemed withdrawn. If relief is sought, designated materials shall

27    not be disclosed to the representative in question until the Court

28    resolves the objection; except that either party may in good faith

6

1    request the other party's consent to designate one or more additional

2    representatives, the other party shall not unreasonably withhold such

3    consent, and the requesting party may seek leave of Court to

4    designate such additional representative(s) if the requesting party

5    believes the other party has unreasonably withheld such consent;

6    (e)    outside consultants or experts (i.e., not existing employees or

7    affiliates of a Party or an affiliate of a Party) retained for the purpose

8    of this litigation, provided that:

9    (1) such consultants or experts are not presently employed by the

10    Parties hereto for purposes other than this Action;

11    (2) before access is given, the consultant or expert has completed the

12    Undertaking attached as Appendix A hereto and the same is served

13    upon the producing Party with:

14    i.    a current curriculum vitae of the consultant or expert;

15    ii.    an identification of all pending patent applications on

16    which the consultant or expert is named as an inventor, in

17    which the consultant or expert has any ownership interest,

18    or as to which the consultant or expert has had or

19    anticipates in the future any involvement in advising on,

20    consulting on, preparing, prosecuting, drafting, editing,

21    amending, or otherwise affecting the scope of the claims;

22    and

23    iii.    a list of the cases in which the consultant or expert has

24    testified at deposition or trial within the last five (5)

25    years;

26    (3) Such expert or consultant accesses the materials in the United

27    States only, and does not transport them to or access them from any

28    foreign jurisdiction.

7

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

Within seven (7) days of the disclosure described in subparagraph (e)(iii) above, the producing Party may notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection within seven (7) days following the objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court under Local Rule 37 within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. An initial failure to object to an expert or consultant under this Paragraph shall not preclude the non-objecting Party from later objecting to continued access by that expert or consultant for good cause. The Parties agree that, for good cause to exist, facts or circumstances must have become known to the objecting party regarding the expert or consultant that could not have been known before or during the initial failure to object to the expert or consultant. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. The designated expert or consultant may continue to have access to information that was provided to such expert or consultant prior to the date of the objection. If a later objection is made, no further DESIGNATED MATERIAL shall be disclosed to the expert or consultant until the Court resolves the matter or the producing Party withdraws its objection. Notwithstanding the foregoing, if the producing Party fails to move

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

1      for a protective order under Local Rule 37 within ten (10) days of the
2      notice, further DESIGNATED MATERIAL may thereafter be
3      provided to the expert or consultant;

4    (f)    independent litigation support services, including persons working for
5           or as court reporters, stenographers and videographers, and
6           photocopy, document imaging, and database services retained by
7           counsel and reasonably necessary to assist counsel with the litigation
8           of this Action;

9    (g)    translation, graphics or design services, jury or trial consulting
10          services, provided such persons have first agreed to be bound by the
11          provisions of the Protective Order by signing a copy of Appendix A,
12          however, such signed copies of Appendix A shall not be disclosed to
13          or served upon any other Party;

14   (h)    mock jurors who have signed an undertaking or agreement agreeing
15          not to publicly disclose Protected Material and to keep any
16          information concerning Protected Material confidential;

17   (i)    the Court (including any Court-appointed mediators or advisors) and
18          its personnel; and

19   (j)    any other person with the prior written consent of the producing
20          Party.

21   8.    A Party shall designate documents, information or material as
22   "CONFIDENTIAL" only upon a good faith belief that the documents,
23   information or material contains confidential or proprietary information or trade
24   secrets of the Party or a Third Party to whom the Party reasonably believes it
25   owes an obligation of confidentiality with respect to such documents, information
26   or material.

27   9.    Documents, information or material produced pursuant to any
28   discovery request in this Action, including but not limited to Protected Material

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

10.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (meaning computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and/or live data[3] (that is, data as it exists residing in a database or databases)) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

11.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to: individuals listed in Paragraphs 7(a-b), 7(e-g) and 7(i-j), provided, however, that access by individuals pursuant to Paragraph 7(a-b, e) be limited to individuals who exercise no competitive decision-making authority on behalf of

_____

[3] Neither party anticipates that files describing the hardware design of any component, including Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component, will be produced in this case. To the extent that any party believes that the production of such files becomes necessary, the parties agree to meet and confer regarding the appropriate confidentiality designation for any such files at that time.

10

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

the client, and, with respect to material produced by the Plaintiff, not more than two (2) in-house counsel of the receiving Party under paragraph 7(c), provided that access by in-house counsel pursuant to this Paragraph be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client and that before access is given, the in-house counsel has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party at least seven (7) days before access to the Protected Material is to be given to that in-house counsel to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the in-house counsel. The Parties agree to promptly confer and use good faith to resolve any such objection within seven (7) days following the objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court under Local Rule 37 within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the in-house counsel in question until the Court resolves the objection. With respect to material that is produced by the Defendant, no in-house counsel of the receiving party may have access to Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY.

12.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secure room ("Source Code Review Room"). Additionally, the stand-alone computer(s) may only be located at the office of the producing Party's outside counsel or a location mutually

11

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

1    agreed upon by the receiving Party and the producing Party (the
2    "Review Facility"). No recordable media or recordable devices,
3    including without limitation sound recorders, computers, cellular
4    telephones, peripheral equipment, cameras, CDs, DVDs, or drives of
5    any kind, shall be permitted into the Source Code Review Room;

6    (b)    The receiving Party shall make reasonable efforts to restrict its requests
7    for such access to the stand-alone computer(s) to normal business
8    hours, which for purposes of this Paragraph shall be 9:00 a.m. through
9    5:00 p.m. on business days (i.e., weekdays that are not Federal
10    holidays). However, upon reasonable notice from the receiving party,
11    the producing Party shall make reasonable efforts to accommodate the
12    receiving Party's request for access to the stand-alone computer(s)
13    outside of normal business hours.  Prior to the first inspection of any
14    requested Source Code Material, the receiving Party shall provide seven
15    (7) days' notice of the Source Code Material that it wishes to inspect.
16    The receiving Party shall provide three (3) days' notice prior to any
17    additional inspections. The Parties agree to cooperate in good faith such
18    that maintaining the producing Party's Source Code Material at the
19    offices of its outside counsel shall not unreasonably hinder the
20    receiving Party's ability to efficiently and effectively conduct the
21    prosecution or defense of this Action;

22    (c)    The producing Party shall provide the receiving Party with information
23    explaining how to start, log on to, and operate the stand-alone
24    computer(s) in order to access the Source Code Material made available
25    on the stand-alone computer(s). The producing Party may visually
26    monitor the activities of the receiving Party's representatives during
27    any Source Code Material inspection, but only to ensure that no
28    unauthorized electronic records of the Source Code Material and no

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

1    information concerning the Source Code Material are being created or
2    transmitted in any way;

3    (d)  The producing Party will make Source Code Material available for
4         inspection in computer searchable format on the stand-alone
5         computer(s) as described above and will install freely available
6         software tools on the stand-alone computer for purposes of the review
7         (including but not limited to software to perform searches of the Source
8         Code Material), if such tools exist and are in possession of the
9         producing Party at the time the first request to inspect Source Code
10        Material is received, upon request by the reviewing Party;

11   (e)  The receiving Party may, at its own expense, request that the producing
12        Party install software on Source Code Review computer(s) to perform
13        searches of the Source Code Material, provided that such other software
14        is necessary for the receiving Party to perform its review of the Source
15        Code Material consistent with all of the protections herein. The
16        receiving Party must provide the producing Party with media
17        containing such software tools(s) at least seven (7) days in advance of
18        the date upon which the receiving Party wishes to have the additional
19        software available for use on the Source Code Review computer(s).
20        Timely requests for the installation of such search software will not be
21        unreasonably denied so long as the receiving Party possesses an
22        appropriate license to such software tools, and the requested search
23        software is compatible with the operating system, and other software
24        necessary to make the Source Code Material available for inspection,
25        installed on a Source Code Review computer(s), does not prevent or
26        impede the receiving Party's access to the Source Code Material
27        produced for inspection on Source Code Review computer(s) and does
28        not side-step any of the security features enabled on a Source Code

13

1    Review computer(s) (e.g., enable connection and use of USB thumb

2    drives during the review). The receiving Party shall not erase, load,

3    install, compile, or otherwise modify any program (or request that any

4    other program be erased, loaded, installed, or otherwise modified by the

5    producing Party) on the Source Code Review computer(s) without first

6    submitting a written request and obtaining the producing Party's

7    agreement to the request;

8    (f)    Access to Protected Material designated RESTRICTED

9    CONFIDENTIAL - SOURCE CODE shall be limited to (i) outside

10    counsel provided that such Outside Counsel be limited to outside

11    counsel who exercise no competitive decision-making authority on

12    behalf of the client; (ii) up to three (3) outside consultants or experts

13    (i.e., not existing employees or affiliates of a Party or an affiliate of a

14    Party) retained for the purpose of this litigation and approved to access

15    such Protected Materials pursuant to Paragraph 7 above;[4]  (iii) Court

16    reporters, stenographers and videographers retained to record testimony

17    taken in this action; (iv) the Court (including any Court-appointed

18    mediators or advisors) and its personnel; and (v) any other person with

19    the prior written consent of the producing Party.

20    (g)    A receiving party may include excerpts of Source Code Material in a

21    pleading, exhibit, expert report, discovery document, deposition

22    transcript, or other Court document, provided that the Source Code

23    Documents are appropriately marked under this Order, restricted to

24    those who are entitled to have access to them as specified herein, and, if

---

[4] For the purposes of this Paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that any individual employed by an outside consultant or expert be approved to access Protected Materials pursuant to Paragraph 7 above prior to receiving any Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE.

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

1    filed with the Court, filed under seal in accordance with the Court's

2    rules, procedures and orders;

3    (h)    To the extent portions of Source Code Material are quoted in a Source

4    Code Document, either (1) the entire Source Code Document will be

5    stamped and treated as RESTRICTED CONFIDENTIAL SOURCE

6    CODE or (2) those pages containing quoted Source Code Material will

7    be separately stamped and treated as RESTRICTED CONFIDENTIAL

8    SOURCE CODE;

9    (i)    Except as set forth in Paragraph 12(p) below, no electronic copies of

10    Source Code Material shall be made without prior written consent of

11    the producing Party, except as necessary to create documents which,

12    pursuant to the Court's rules, procedures and order, must be filed or

13    served electronically. Images or copies of Source Code Material shall

14    not be included in correspondence between the Parties (references to

15    production numbers shall be used instead). If a Party reasonably

16    believes that it needs to submit a portion of Source Code Material as

17    part of a filing with the Court, the Party shall excerpt the Source Code

18    Material to include only the portions of Source Code Material necessary

19    to that filing;

20    (j)    The receiving Party may request paper copies of limited portions of

21    Source Code Material that are reasonably necessary for use in, and

22    preparation for, court filings and proceedings, infringement or

23    invalidity contentions, expert reports, and depositions of persons or

24    entities permitted access to "RESTRICTED CONFIDENTIAL

25    SOURCE CODE" information of the producing Party, and such other

26    uses to which the parties may agree or that the Court may order. Using

27    the software available on the Source Code Review computer, the

28    receiving Party shall create PDFs of the printed copies the receiving

15

1   Party is requesting and save them in a folder on the desktop of the

2   Source Code Review computer named "Print Requests" with a

3   subfolder identifying the date of the request. The PDF printouts must

4   identify information including the full file path and file name, page

5   number, line numbers, and date of printing. The request for Source

6   Code Material shall be served via an email request identifying the

7   subfolders of the "Print Requests" folder that the producing Party is

8   requesting.  Within five (5) business days of such request, the

9   producing Party shall provide one copy of all such Source Code

10  Material on watermarked or colored paper including bates numbers and

11  the label "RESTRICTED CONFIDENTIAL SOURCE CODE." The

12  receiving Party shall not request printouts of Source Code Material in

13  order to review blocks of Source Code Material elsewhere in the first

14  instance, i.e., as an alternative to reviewing that Source Code Material

15  electronically on the Source Code Review computer(s), as the parties

16  acknowledge and agree that the purpose of the protections herein would

17  be frustrated by printing portions of code for review and analysis

18  elsewhere, and that printing is permitted solely to enable use of Source

19  Code Materials in filings, depositions, proceedings, contentions, expert

20  reports, and related drafts and correspondence. The receiving Party's

21  outside counsel and/or experts shall be entitled to take notes relating to

22  the Source Code Material but may not copy the Source Code Material

23  into the notes and may not take such notes electronically on the Source

24  Code Computer itself or any other computer;

25  (k)  The receiving Party shall be permitted to make a reasonable number of

26       photocopies of Source Code Material, all of which shall be designated

27       and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE

28       CODE," and the receiving Party shall maintain a log of all such files

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

that are photocopied that includes the names of the reviewers and/or recipients of the copies and locations where the paper copies are stored. Upon two (2) day's advance notice to the receiving Party by the producing Party, the receiving Party shall provide a copy of this log to the producing Party. In considering what is reasonable, the receiving Party shall not, in general, ask that more than 750 total pages—with a page being one that has at least 35 lines of code—of Source Code Material be printed. After the receiving Party has asked that 750 total pages of Source Code Material be printed, the Parties shall meet and confer regarding the printing of additional pages, if any, in view of the needs of the case and the amount of Source Code Material that has been made available. In the event that a producing Party believes that a particular printing request is unreasonable, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement. If they cannot resolve the issue, either Party may seek an order from the Court;

(l) The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form. Each page of any printed copies of Source Code Material shall be printed on nonwhite, colored paper. After printing, the producing Party shall clearly label each page of any printed copies "RESTRICTED CONFIDENTIAL SOURCE CODE" and give each page a unique identification number;

(m) All paper copies shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition);

(n) For depositions, outside counsel for the receiving Party may bring one printed copy of Source Code Material. Except for the receiving Party's

17

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

outside counsel's copy of Source Code Material, the receiving Party

shall not bring copies of any printed Source Code Material.  To the

extent the receiving Party requests a Source Code computer to be

provided at a deposition, the receiving Party shall make such a request

at least 5 business days before the deposition and the producing Party

shall not unreasonably deny such a request. Copies of Source Code

Material that are marked as deposition exhibits shall not be provided to

the court reporter or attached to deposition transcripts, rather, the

deposition record will identify the exhibit by its production numbers;

(o) For Court proceedings, outside counsel for the receiving Party may

bring one printed copy of Source Code Material. Except for the

receiving Party's outside counsel's copy of Source Code Material, the

receiving Party shall not bring copies of any printed Source Code

Material. Rather, the producing Party will provide a Source Code

computer at the Court proceeding containing all source code, in

computer-searchable format, previously produced by the producing

Party;

(p) Should such printouts or photocopies be transferred back to electronic

media, such media shall be labeled "RESTRICTED CONFIDENTIAL

SOURCE CODE" and shall continue to be treated as such;

(q) If the receiving Party's outside counsel, consultants, or experts obtain

printouts or photocopies of Source Code Material, the receiving Party

shall ensure that such outside counsel, consultants, or experts keep the

printouts or photocopies in a secured locked area in the offices of such

outside counsel, consultants, or expert(s) at all times when it is not in

use, with the exception of outside counsel's copies pursuant to

subsections (n) and (o) of this Paragraph.

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

(r)  The recipient must maintain and store the Source Code Material pursuant to Paragraph 12(q). Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as with respect to the transmission of contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, as set forth in Paragraphs 12(g)-(i) above and is at all times subject to the transport restrictions set forth herein.

13.    Absent written consent by the producing Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not (i) prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application before any foreign or domestic agency, including the United States Patent and Trademark Office relating to audio/video messaging, or otherwise pertaining to the field of invention of the patents-in-suit, on behalf of the receiving Party or its acquirer, successor, predecessor, or Affiliate[5] during the pendency of this Action and for two years after its conclusion, including any appeals. Nothing in this Order shall prohibit the acquisition of patents or patent applications for assertion against or licensing to any entity other than a Party. The prohibitions in this Paragraph are not intended to and shall not preclude counsel who obtains, receives, or otherwise learns of, in

---

[5] For the purposes of this Paragraph, "Affiliate" shall mean any entity that is related by common ownership or common corporate control to a Party.

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL of a technical nature from participating directly or indirectly in reexamination, *inter partes* review, or covered business method review proceedings, provided that the law firm of any attorney who obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL of a technical nature produced by another Party may not, directly or indirectly, advise, consult, or participate in the drafting of amended or substitute claims in the proceeding, and will not use any of the producing Party's Protected Material in the proceeding. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL of a technical nature and any individuals who, on behalf of any Party or its acquirer, successor, predecessor, or Affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. The preceding provision regarding the advice, consultation, or participation in the drafting of amended or substitute claims in an reexamination, *inter partes* review, or covered business method review proceeding shall bar entire firms who actually receive and review a Party's HIGHLY SENSITIVE MATERIAL of a technical nature, but the remaining provisions of this Paragraph shall only apply to persons who obtain, receive, or otherwise learn of, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL of a technical nature.

14.    DESIGNATED MATERIAL must be stored and maintained by a receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. DESIGNATED MATERIAL may not be exported outside the United States or released to any foreign national (even if within the United States).

15.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

the attorney-client privilege, the work product doctrine, or other privilege,
doctrine, or immunity. If documents, information or other material subject to a
claim of attorney-client privilege, work product doctrine, or other privilege,
doctrine, or immunity is inadvertently or unintentionally produced, such
production shall in no way prejudice or otherwise constitute a waiver of, or
estoppel as to, any such privilege, doctrine, or immunity. Any Party that
inadvertently or unintentionally produces documents, information or other
material it reasonably believes are protected under the attorney-client privilege,
work product doctrine, or other privilege, doctrine, or immunity may obtain the
return of such documents, information or other material by promptly notifying the
recipient(s) and providing a privilege log for the inadvertently or unintentionally
produced documents, information or other material. The recipient(s) shall gather
and return all copies of such documents, information or other material to the
producing Party, except for any pages containing privileged or otherwise
protected markings by the recipient(s), which pages shall instead be destroyed and
certified as such to the producing Party. After receiving notice of the inadvertently
or unintentionally produced material referred to herein, the receiving Party shall
not access or view the inadvertently or unintentionally produced material. The
information on the Privilege Log shall be sufficient for the receiving Party to
describe the nature of the material in any motion to compel production.  This order
shall be interpreted to provide the maximum protection allowed by the Federal Rule of
Evidence 502(d).

16.    No Party is required to identify on its respective privilege log any
document or communication dated after the filing of the Complaint. The parties shall
exchange their respective privilege logs at a time to be agreed upon by the parties
following the production of documents, or as otherwise ordered by the Court.

17.    Nothing in this Protective Order shall be construed to prevent counsel
from advising their clients with respect to this case based in whole or in part upon

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

1    DESIGNATED MATERIAL, provided counsel does not disclose the

2    DESIGNATED MATERIAL itself except as provided in this Order.

3        18.    Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft

4    expert reports, notes, outlines, or disclosures leading up to a final expert report are

5    discoverable in whatever form unless otherwise ordered by the Court. In addition,

6    where a Party retains independent consultants or experts to further technical or

7    consulting services or to give testimony with respect to the subject matter of this

8    action, the following materials will be deemed to be privileged materials or

9    materials otherwise protected from production based on a claim of privilege

10   (attorney-client, work product, or other privilege) and thus not discoverable:

11       (a)    Correspondence between such independent consultants or experts and a

12              party or its outside counsel;

13       (b)    Drafts of expert reports, declarations, or any other materials drafted by

14              or for such independent consultants or experts regarding the subject

15              matter of this action; and

16       (c)    Communications between such independent consultants and experts

17              and a party or its outside counsel that are related to drafts and/or

18              revisions of expert reports, declarations, or other materials drafted by or

19              for such independent consultants or experts, or that are related to

20              preparation to testify at a hearing, trial, or deposition in this action.

21   Such protections provided herein are to be construed to be in addition to, and

22   shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)–(4).

23   Nothing herein, however, limits the rights of Parties to examine an expert or

24   consultant concerning the information he or she relied upon in forming his or

25   her opinions, which information shall not be privileged.

26       19.    There shall be no disclosure of any DESIGNATED MATERIAL by

27   any person authorized to have access thereto to any person who is not authorized

28   for such access under this Order. The Parties are hereby ORDERED to safeguard

all such documents, information and material to protect against disclosure to any
unauthorized persons or entities.

20.    Nothing in this Protective Order shall prevent or restrict a producing
Party's own disclosure or use of its own DESIGNATED MATERIAL for any
purpose. Nothing in this Order shall restrict in any way the use or disclosure of
DESIGNATED MATERIAL by a receiving Party: (i) that is or has become
publicly known through no fault of the receiving Party; (ii) that is lawfully
acquired by or known to the receiving Party independent of the producing Party;
(iii) previously produced, disclosed and/or provided by the producing Party to the
receiving Party or a non-party without an obligation of confidentiality and not by
inadvertence or mistake; (iv) with the consent of the producing Party; or (v)
pursuant to order of the Court.

21.    Nothing contained herein shall be construed to prejudice any Party's
right to use any DESIGNATED MATERIAL in taking testimony at any
deposition or hearing provided that the DESIGNATED MATERIAL is only
disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED
MATERIAL by virtue of his or her employment with the designating party, (ii)
identified in the DESIGNATED MATERIAL as an author, addressee, or copy
recipient of such information, (iii) although not identified as an author, addressee,
or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course
of business, seen such DESIGNATED MATERIAL, (iv) a current or former
officer, director or employee of the producing Party or a current or former officer,
director or employee of a company affiliated with the producing Party; (v) counsel
for a Party, including outside counsel and in-house counsel (subject to Paragraphs
11-12 of this Order); (vi) an independent contractor, consultant, and/or expert
retained for the purpose of this litigation; (vii) court reporters and videographers;
(viii) the Court; or (ix) other persons entitled hereunder to access to
DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

22.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY". Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.

23.    Nothing in this Order shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in court or in any court filing with the consent of the producing Party or by order of the Court, provided that such filing is made under seal.

24.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. A party seeking to file DESIGNATED MATERIAL with the Court must file an Application for Leave to File Under Seal under Local Rule 79-5 or 79-6, as applicable.

25.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

**STIPULATED PROTECTIVE ORDER, CASE NO. 2:19-CV-025150-PSG-JPR**

26.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn and state the grounds for the objection. The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

27.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

28.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

29.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED --

**STIPULATED PROTECTIVE ORDER, CASE NO. 2:19-CV-025150-PSG-JPR**

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

30. Within ninety (90) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the provisions for return of DESIGNATED MATERIAL, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code Material.

31. Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a producing Party agrees otherwise in writing or a court order otherwise directs.

32. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

33.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order. In the event of a disclosure of any DESIGNATED MATERIAL pursuant to this Order, including any inadvertent loss or misplacement of that material, to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the producing Party whose DESIGNATED MATERIAL has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed DESIGNATED MATERIAL and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

34.    If at any time DESIGNATED MATERIAL is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such DESIGNATED MATERIAL and to its

STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR

counsel and shall provide each such Party with an opportunity to move for a
protective order regarding the production of DESIGNATED MATERIAL
implicated by the subpoena.

35.    Production of DESIGNATED MATERIAL by each of the Parties
shall not be deemed a publication of the documents, information and material (or
the contents thereof) produced so as to void or make voidable whatever claim the
Parties may have as to the proprietary and confidential nature of the documents,
information or other material or its contents.

36.    Nothing in this Order shall be construed to effect an abrogation,
waiver or limitation of any kind on the rights of each of the Parties to assert any
applicable discovery or trial privilege.

37.    This Order shall be binding upon the Parties, their attorneys, and their
successors, executors, personal representatives, administrators, heirs, legal
representatives, assigns, subsidiaries, divisions, employees, agents, retained
consultants and experts, and any persons or organizations over which they have
direct control.

38.    Each of the Parties shall also retain the right to file a motion with the
Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL
to additional persons or entities if reasonably necessary to prepare and present this
Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  January 17, 2020          */s/ Sarah G. Hartman*
                                   Alfred R. Fabricant (*pro hac vice*)
                                   NY Bar No. 2219392
                                   afabricant@brownrudnick.com
                                   Lawrence Drucker (*pro hac vice*)
                                   NY Bar No. 2303089
                                   ldrucker@brownrudnick.com
                                   Vincent J. Rubino, III (*pro hac vice*)
                                   NY Bar No. 4557435
                                   vrubino@brownrudnick.com

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

Sarah G.  Hartman
Cal. Bar No. 281751
shartman@brownrudnick.com
Arjun Sivakumar
Cal. Bar No. 297787
asivakumar@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Plaintiff
SRK TECHNOLOGY LLC

**STIPULATED PROTECTIVE ORDER,
CASE NO. 2:19-CV-025150-PSG-JPR**

1    Dated:  January 17, 2020              COOLEY LLP

2

3                                          */s/ Benjamin S. Lin*

4                                          HEIDI L. KEEFE (178960)
                                           (hkeefe@cooley.com)
5                                          MARK R. WEINSTEIN (193043)
                                           (mweinstein@cooley.com)
6                                          REUBEN H. CHEN (228725)
                                           (rchen@cooley.com)
7                                          BENJAMIN S. LIN (232735)
                                           (blin@cooley.com)
8                                          LAUREN KRICKL (305379)
                                           (lkrickl@cooley.com)
9                                          3175 Hanover Street
                                           Palo Alto, CA  94304-1130
10                                         Telephone: (650) 843-5000
                                           Facsimile:  (650) 849-7400
11
                                           Attorneys for Defendant
12                                         SNAP INC.

13

14                              **ORDER**

15

16

17         **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

18

19    Dated:  January 23, 2020         _____

20                                          HON. JEAN P. ROSENBLUTH
                                           United States Magistrate Judge
21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER,**
                                           **CASE NO. 2:19-CV-025150-PSG-JPR**

**APPENDIX A**
**UNDERTAKING OF EXPERT CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have
carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold
in confidence, will not disclose to anyone not qualified under the Protective
Order, and will use only for purposes of this action any information
designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS'
EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE"
that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and
things designated as "CONFIDENTIAL," "RESTRICTED -
ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL
SOURCE CODE" that came into my possession, and all documents and
things that I have prepared relating thereto, to the outside counsel for the
party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of
enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____